AO 245B (Rev. 11/16) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | |
| | Case Number: **0:22-CR-00297-DWF-DTS(1)** |
| DARRIAN MITCHELL NGUYEN | USM Number: **25150-510** |
| | **Andrew M. Irlbeck** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 & 2.

☐ pleaded nolo contendere to count(s) which was accepted by the court

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21:841(a)(1) and 841(b)(1)(B) POSSESSION WITH THE INTENT TO DISTRIBUTE METHAMPHETAMINE | 10/04/2022 | 1 |
| 18:922(o) and 924(a)(2) UNLAWFUL POSSESSION OF A MACHINE GUN | 10/04/2022 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count 3 is dismissed on the motion of the United States

☒ The Special Assessment in the amount of $**200.00** shall be paid in full immediately. If the defendant has not paid the Special Assessment fee, the monies shall be deducted from any wages earned while incarcerated.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 27, 2023**
Date of Imposition of Judgment

**s/Donovan W. Frank**
Signature of Judge

**DONOVAN W. FRANK**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**August 4, 2023**
Date

1

AO 245B (Rev. 11/16)  Sheet 2 - Imprisonment

DEFENDANT:         DARRIAN MITCHELL NGUYEN
CASE NUMBER:    0:22-CR-00297-DWF-DTS(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
77 month as to count 1 and 77 months as to count 2 with said terms to run concurrently for a total term of 77 months.

☒ The court makes the following recommendations to the Bureau of Prisons:
   That the defendant be designated to the FCI Sandstone in Minnesota to be close to his family.   Also, that the defendant be allowed to participate in the 500-hour Residential Drug Abuse Program offered by the Bureau of Prisons.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before _____ on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


   Defendant delivered on _____ to

at _____, with a certified copy of this judgment.


                                                      UNITED STATES MARSHAL

                                                             By
                                                      DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)  Sheet 3 – Supervised Release

DEFENDANT:            DARRIAN MITCHELL NGUYEN
CASE NUMBER:          0:22-CR-00297-DWF-DTS(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  ten years on count 1 and 3 years on count 2 to run concurrently for a total term of ten (10) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)  as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 11/16)  Sheet 3A – Supervised Release

DEFENDANT: DARRIAN MITCHELL NGUYEN
CASE NUMBER: 0:22-CR-00297-DWF-DTS(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature  _____   Date _____

Probation Officer's Signature  _____   Date _____

AO 245B (Rev. 11/16)  Sheet 3D – Supervised Release

DEFENDANT:          DARRIAN MITCHELL NGUYEN
CASE NUMBER:        0:22-CR-00297-DWF-DTS(1)

# SPECIAL CONDITIONS OF SUPERVISION

a. The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

b. The defendant shall complete an assessment and/or participate in a program for substance abuse as directed by the probation officer. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. The defendant shall execute the requisite release of information forms necessary to facilitate treatment programming, and the defendant shall abide by all supplemental conditions of programming.

c. As part of the defendant's substance abuse program, the defendant shall make a good faith effort to obtain and work with an AA or NA sponsor.

d. The defendant shall participate in not less than one (1) AA/NA/MA or 12-step program meeting per week.

e. The defendant shall submit to substance abuse testing as approved and directed by the probation officer.

f. The defendant shall participate in a mental health evaluation. If treatment is recommended, the defendant shall participate in an approved treatment program and abide by all supplemental conditions of treatment to include medication as prescribed. Participation may include inpatient/outpatient treatment.

g. If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed. The defendant must also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

h. The defendant shall submit his person, residence, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

i. The defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Office. The defendant's cooperation shall include, but not be limited to, allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access. Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under the defendant's control. The computer system or devices may be removed for a more thorough examination, if necessary. Pretrial Services Office.

j. The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

k. The defendant shall not possess, view, access, or otherwise use material that reflects extremist or terroristic views or is deemed to be inappropriate by the U.S. Probation and Pretrial Services Office. The defendant shall not communicate or otherwise interact [i.e., in person; through a third party; by telephone or mail, electronic or otherwise; or through social media websites and applications] with any individual known to be associated with an extremist organization, or any individual deemed to be inappropriate by U.S. Probation and Pretrial Services due to their involvement with an extremist organization. The defendant may not be in possession of any items which specifically represent, reference, or are associated any known extremist organization.

l. The defendant shall complete an assessment and/or participate in programming aimed to increase pro-social support and address identified risks associated with views and associations related to extremism, as approved and directed by the supervising probation officer.

m. The defendant shall submit to periodic Credibility Assessments at the direction of the probation officer as a means to ensure compliance with treatment and the requirements of supervision.

n. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes on any media. The defendant shall, upon demand, immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.

o. The defendant must not access, view or use any online social media, chat services, blogs, instant messages, SMS, MMS, digital photos, video sharing websites, social fundraising platforms, emails or any other interactive, online or electronic communication applications or sites without the approval of the probation officer.

AO 245B (Rev. 11/16)  Sheet 5 – Criminal Monetary Penalties

DEFENDANT: DARRIAN MITCHELL NGUYEN
CASE NUMBER: 0:22-CR-00297-DWF-DTS(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $200.00 | n/a | n/a | n/a | n/a |

☐ The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | ***Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS: |  |  |  |

**Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution
  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

6

AO 245B (Rev. 11/16)  Sheet 6 – Schedule of Payments

**DEFENDANT:** DARRIAN MITCHELL NGUYEN
**CASE NUMBER:** 0:22-CR-00297-DWF-DTS(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $200.00 for Counts 1 and 2 , which shall be due immediately.  If the defendant has not paid the Special Assessment fee, the monies shall be deducted from any wages earned while incarcerated.  If not paid while incarcerated payments of $25.00 per month shall commence 60 days after release.  Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names                                      Joint and Several           Corresponding Payee,
*(including defendant number)*              Total Amount                    Amount                        if appropriate


☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
All property included in the Preliminary Order of Forfeiture dated July 21, 2023.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.